UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MARIA CALDERON, *pro se*,                      :
                                               :
                    Plaintiff,                 :          **SUMMARY ORDER**
                                               :          13-CV-6858 (DLI) (JO)
        -against-                              :
                                               :
EVERGREEN OWNERS, INC., VISION                 :
ENTERPRISES MANAGEMENT CORP.,                  :
D/B/A VISION ENTERPRISES COMPANY,              :
EVERGREEN ASSOCIATES,                          :
                                               :
                    Defendants.                :
------------------------------------------------------------ x
**DORA L. IRIZARRY, U.S. District Judge:**

On December 4, 2013, *pro se* plaintiff Maria Calderon ("Plaintiff") brought this action

claiming, *inter alia*, that the Defendants wrongfully evicted her from her apartment.  Plaintiff's

request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited

purposes of this Order.  For the reasons set forth below, the complaint is dismissed for lack of

subject matter jurisdiction.

## BACKGROUND

This is the second action that Plaintiff has filed in this Court against the same Defendants

and arising out of the same set of facts.  *See Calderon v. Evergreen Owners, Inc.*, No. 12-cv-

1167 (DLI)(JO) ("Calderon I").  As alleged in *Calderon I*, on September 20, 1996, Plaintiff was

evicted from her rent stabilized apartment where she had resided for over 30 years.  (Compl. I at

9, 12-cv-1167, Doc. Entry No. 1.)  On May 14, 1998, Plaintiff initiated a tort and contract action

in New York State Supreme Court, Kings County, against the owner and manager of her former

apartment building alleging, *inter alia*, that their negligence caused her to develop physical

ailments.   After a jury trial, Defendants were found negligent and Plaintiff was awarded

$175,000.00. (Compl. I at 10-21.) Defendants appealed and, by Order dated February 9, 2010, the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), reversed the judgment in favor of the Defendants and held that "there was no rational process by which the jury could find that the Defendants' negligence caused [plaintiff's] medical conditions[.]" *Calderon v. Evergreen Owners, Inc.*, 70 A.D. 3d 742, 743 (2d Dep't 2010).

On March 6, 2012, Plaintiff filed her complaint in this Court. Plaintiff sought to re-assert the same tort and contract claims that had resulted in a judgment in her favor in the state trial, but which subsequently was reversed by the Appellate Division. (*See* Compl. I.) On July 23, 2012, this Court dismissed Plaintiff's complaint in *Calderon I* for lack of subject matter jurisdiction on the grounds that: 1) Plaintiff's suit did not present a federal question pursuant to 28 U.S.C. § 1331; 2) there was no basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332; and 3) the action was barred by the *Rooker–Feldman* doctrine, because, in effect Plaintiff was asking this Court to review and reject judgments previously rendered by courts of the State of New York. (Dismissal Order, 12-cv-1167, Doc. Entry No. 3.) The dismissal was with prejudice as the Court found that any attempt to amend the complaint would be futile. (*Id.* at 5-6.) Plaintiff appealed this Court's judgment. On October 9, 2012, the Second Circuit Court of Appeals dismissed Plaintiff's appeal, holding that this Court had "correctly determined that it lacked jurisdiction over the matter." (Mandate, 12-cv-1167, Doc. Entry No. 7.)

On December 4, 2013, Plaintiff filed a complaint in the instant action ("Calderon II"), which reasserts the factual allegations presented in *Calderon I*. (Compl. II, Doc. Entry No. 1.) Plaintiff alleges that Defendants violated various New York State and City laws and requests that this Court "scrutinize the DECISION/ORDER of the Appellate Division-Second Department of February 9, 2010, and make a decision." (Compl. II at 6.) In particular, Plaintiff complains that

2

Defendants did not comply with New York State Court of Appeals Rule 500.1(f) ("Rule 500.1"), which requires that a corporation disclose "all its parents, subsidiaries and affiliates, or state that no such parents, subsidiaries and affiliates exist." (Compl. II at 1-4.) *See* 22 N.Y.C.R.R. § 500.1(f).

## DISCUSSION

### I. Legal Standard

In reviewing Plaintiff's complaint, the court is mindful that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, a plaintiff who seeks to bring an action in federal court must establish that the court has subject matter jurisdiction over the action. *See Kheyn v. City of New York*, 2010 WL 3034652, at *1 (E.D.N.Y. Aug. 2, 2010) (citation omitted).

### II. Discussion

This case must be dismissed under the doctrine of *res judicata*. "In deciding whether a suit is barred by *res judicata*, it must first be determined that the second suit involves the same claim or nucleus of operative fact as the first suit." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 280-81 (2d Cir. 2008) (internal quotation marks omitted). Plaintiff's claims clearly are

precluded because the "facts essential to [her second suit] were present in [her first suit]." *Wiesner v. Nardelli*, 307 F. App'x 484, 486 (2d Cir. 2008) (summary order). By filing the instant action, it appears that Plaintiff is attempting to circumvent this Court's decision denying her leave to amend her complaint in *Calderon I*.

Moreover, even if Plaintiff's claims were not barred by *res judicata*, the complaint must be dismissed for the same reasons that this Court dismissed the complaint in *Calderon I*. Plaintiff has failed to present a federal question under 28 U.S.C. § 1331, because her claims do not arise under the Constitution or laws of the United States. (*See* Dismissal Order at 4-5 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. at 513)).[1] Although Plaintiff emphasizes Defendants' alleged violation of Rule 500.1, such a violation does not arise under federal law and, therefore, cannot serve as the basis for this Court's jurisdiction. Plaintiff has also failed to properly invoke diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because Plaintiff and Defendants are all alleged to be citizens of the State of New York. (*See* Compl. II at 1; Dismissal Order at 4 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006)). In addition, since Plaintiff asks this Court to review and reject unfavorable judgments of the state court which were rendered before this action was commenced, this action is barred by the *Rooker–Feldman* doctrine, which provides "that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments[.]" (*See* Dismissal Order at 5 (citing *Hoblock v. Albany County Bd. of Elections*, 422 F. 3d 77, 84 (2d Cir. 2005)).

---

[1] As noted in this Court's dismissal in Calderon I, it is well settled that the court lacks subject matter jurisdiction over state eviction proceedings or other landlord-tenant matters. *See Rosen v. North Shore Towers Apartments, Inc.*, 2011 WL 2550733, at *4 (E.D.N.Y. June 27, 2011) (federal court lacks jurisdiction over eviction proceedings); *Kheyn*, 2010 WL 3034652, at *2 (the landlord-tenant relationship is fundamentally a matter of state law); *see also Torres v. City of New York*, 2009 WL 1346396, at *2 (E.D.N.Y. May 13, 2009) (district court lacks jurisdiction to vacate "the orders of the state courts regarding [plaintiff's] upcoming eviction from her home").

## **CONCLUSION**

For the foregoing reasons, the complaint is dismissed with prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED:      Brooklyn, New York
            March 26, 2014

_____/s/_____
DORA L. IRIZARRY
United States District Judge